MARY GAYLE STRICKLAND, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Strickland v. Commissioner
Docket No. 25628-81.
United States Tax Court
T.C. Memo 1984-301; 1984 Tax Ct. Memo LEXIS 373; 48 T.C.M. (CCH) 280; T.C.M. (RIA) 84301; June 12, 1984. Mary Gayle Strickland, pro se. Howard P. Levine, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined a deficiency in petitioner's 1978 Federal income tax in the amount of $192.00. For 1979 he determined a deficiency in tax of $282.00 plus an addition to tax pursuant to section 6653(a) [1] in the amount of $14.10. After concessions, the issues remaining for decision are (1) whether and to what extent is the petitioner entitled to *374 deductions for medical expenses in excess of those allowed by the respondent for 1978 and 1979, and (2) whether the underpayment for 1979 is due to negligence or the intentional disregard of applicable rules and regulations. FINDINGS OF FACT Petitioner was a resident of Atoka, Tennessee, at the time the petition was filed in this case. For the taxable years 1978 and 1979, she filed income tax returns with the Internal Revenue Service Center at Memphis, Tennessee. On her 1978 return, she claimed $3,247.28 in medical deductions of which, after concessions by respondent, only $438.68 is still in dispute. On her 1979 return, petitioner claimed a total of $3,829.84 for medical expenses of which, after concessions by respondent, only $1,294.51 remains in dispute. The disputed amount for 1978 is all for medicine and drugs. The disputed amount for 1979 is comprised of $807.88 for medicine and drugs, $332.07 for payments to the Gloria Marshall Fitness Salon, and $160.80 for transportation to the salon. In addition to the disallowed medical deductions, *375 respondent asserted the addition to tax under section 6653(a) for the taxable year 1979. OPINION Section 213(a)(1) as to the years in issue permitted an individual to deduct medical expenses not compensated for by insurance or otherwise to the extent such expenses exceed three percent of the individual's adjusted gross income for the taxable year. [2] In computing allowable medical expenses, amounts expended for medicine and drugs are included to the extent such amounts exceed one percent of the taxpayer's adjusted gross income for the taxable year. Section 213(b). *376 The term "medicine and drugs" is defined in the regulations to include only items which are legally procured and which are generally accepted as falling within the category of medicine and drugs. The term does not include toiletries, cosmetics and sundry items. Section 1.213-1(e)(2), Income Tax Regs.
To substantiate a deduction under section 213, the taxpayer must furnish the name and address of each person to whom a medical expense was paid and the amount and date of each such payment.With respect to a medical service, the taxpayer must be prepared to show by invoice or otherwise the nature of the service and to, or for whom, such service was rendered. With respect to any other expense the taxpayer must show its nature, for whom incurred, and its purpose. Section 1.213-1(h), Income Tax Regs.
At trial, petitioner failed to produce any records tending to substantiate any amount paid for medicine or drugs in excess of the amounts respondent allowed for 1978 or 1979. Therefore, respondent's determinations as to these items are sustained. With regard to the amounts paid by the petitioner to the Gloria Marshall Fitness Salon and for transportation to and from the salon, section *377 213(e) provides in part that "medical care" includes amounts paid for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body. To be deductible as medical expenses expenditures must be paid for the primary purpose of, and be related directly to, medical care. Haines v. Commissioner,71 T.C. 644, 647 (1979); section 1.213-1(e)(1)(ii), Income Tax Regs. Furthermore, the taxpayer has the burden of proving any expenditure claimed as a medical expense was paid for the primary purpose of and was directly related to medical care. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). [3]
Petitioner testified that she suffers from high blood pressure and that a doctor, now deceased, told her to join a health spa and to exercise regularly. In an attempt to corroborate this testimony she produced affidavits from her mother and from the attendant in a parking lot located near the salon. In addition, she also submitted notes from a doctor she had visited in 1977 and 1978. *378 The affidavits as well as the notes are clearly hearsay and even if considered by us would fail to establish that the petitioner was suffering from high blood pressure in 1979 and that her payments to the salon were made primarily for or directly related to medical care as opposed to an expenditure which is merely beneficial to the general health of the petitioner. Accordingly, respondent's determination as to this issue is also sustained. Section 6653(a) imposes an addition to tax if any part of an underpayment is due to negligence or the intentional disregard of rules and regulations. In our review of the receipts submitted by petitioner we noted that some of them had been obviously altered so as to reflect dates in the years in dispute. We also noted that in some instances the amounts claimed by the petitioner as deductions for medicine and drugs had been written on drugstore forms so as to create the appearance that they were receipts issued by the drugstore. At the very least such conduct constitutes negligence as well as the intentional disregard of the regulations issued under section 213. This is sufficient basis for the imposition of the addition to tax provided by *379 section 6653(a). To reflect the foregoing, as well as the concessions made by the respondent, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, in effect during the years in issue, unless otherwise indicated.↩
2. Section 213 provides in part: (a) ALLOWANCE OF DEDUCTION.--There shall be allowed as a deduction the following amounts, not compensated for by insurance or otherwise-- (1) the amount by which the amount of the expenses paid during the taxable year * * * for medical care of the taxpayer, his spouse, and dependents * * * exceeds 3 percent of the adjusted gross income * * * * * * (b) LIMITATION WITH RESPECT TO MEDICINE AND DRUGS.--Amounts paid during the taxable year for medicine and drugs which (but for this subsection) would be taken into account in computing the deduction under subsection (a) shall be taken into account only to the extent that the aggregate of such amounts exceeds 1 percent of the adjusted gross income. * * * (e) DEFINITIONS.--For purposes of this section-- (1) The term "medical care" means amounts paid-- (A) for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body.↩
3. All rule references are to the Tax Court Rules of Practice and Procedure unless otherwise provided.↩